IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____
                                        §
IN RE: IDEARC ERISA LITIGATION          §          Civil Action No. 3:09-CV-2354-N
_____ §
                                        §

## ORDER

This Order addresses Defendants Scott Klein, Donald Reed, Stephen Robertson, Thomas Rogers, Paul Weaver, John Mueller, Jerry Elliott, Samuel Jones, Katherine Harless, The Employee Benefits Committee, Georgia Scaife, William Gist, Steven Gaberich, Clifford Wilson, Billy Mundy, Andrew Coticchio, The Human Resources Committee, and John Does 1–20's (collectively, "Defendants") motion to dismiss the third amended consolidated complaint [112]. Because Plaintiff Randy Kopp fails to state a claim for breach of fiduciary duty, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

This case arises from the bankruptcy of Idearc, Inc. ("Idearc") and its effect on the retirement savings plans (the "Plan")[1] of Idearc employees. As outlined in greater detail in the Court's previous orders,[2] Idearc offered the Plan, an Eligible Individual Account Plan ("EIAP") under the Employee Retirement Income Security Act of 1974 ("ERISA"), which

_____

[1] Idearc allegedly merged three separate retirement savings plans into one plan around December 2008. *See* Third Am. Compl. ¶ 1 [80]. The Court uses "Plan" to refer to all of these plans collectively.

[2] *See Fulmer v. Klein*, 2011 WL 1108661, at *1 (N.D. Tex. 2011) (Godbey, J.) ("*Fulmer I*"); *Fulmer v. Klein*, 2012 WL 7634148, at *1 (N.D. Tex. 2012) (Godbey, J.) ("*Fulmer II*"); Order, February 26, 2016 [107].

allowed participants to contribute to one or more investment options. *See* Third Am. Compl. ¶¶ 251, 262, 272 [106]; 29 U.S.C. § 1132(a)(2). One such option was Idearc stock. *See* Third Am. Compl. ¶ 4.

Kopp, who was a member of the Plan, alleges that Idearc's financial decline and ultimate bankruptcy caused the participants to lose "a significant portion of their investments." *Id.* ¶ 12. Public information available at the time showed Idearc suffered from a large multi-billion dollar debt as a result of its spin-off from Verizon, declining levels of revenue and cash flow, and an increasing level of uncollectible accounts receivable. *See id.* ¶¶ 68–97. Kopp alleges Defendants possessed further insider information. Specifically, Kopp alleges that Defendants knew of a decline in Idearc's customer base, a loosening of its credit policies, a reduction in its account collection workforce, and the alteration of accounting books to reflect a deceptively lower level of uncollectible accounts receivable. *See id.* ¶¶ 68–97, 100–20. Idearc filed for Chapter 11 bankruptcy on March 31, 2009. *See id.* ¶ 13.

Idearc removed Idearc stock as an investment option for Plan participants on November 17, 2008. *See id.* ¶ 216. On November 17, 2008 the Employee Benefits Committee began automatic liquidation of the Plan's holdings in Idearc stock, but later voted to cancel the scheduled liquidation. *See id.* ¶¶ 216–18. Kopp alleges that after December 11, 2006 Defendants did not hold any meetings nor did they discuss the prudence of maintaining the Plan's investment in Idearc stock. *See id.* ¶ 67.

Kopp and another Plan participant, Bruce Fulmer, (collectively, "Plaintiffs") brought this action, on their own behalf and on behalf of others similarly situated, against Defendants for breach of fiduciary duty. Defendants moved to dismiss [39] Plaintiffs' original consolidated class action complaint [21]. The Court granted the motion with leave to amend. *Fulmer I*, 2011 WL 1108661, at *6. Following *Fulmer I*, Plaintiffs filed an amended consolidated class action complaint [52]. The Defendants again moved to dismiss [55]. The Court dismissed the amended pleading with prejudice, partly because Plaintiffs had failed to overcome the *Moench* presumption of prudence. *Fulmer II*, 2012 WL 7634148, at *6 (citing *Moench v. Robertson*, 62 F.3d 553, 571 (3d Cir. 1995), and *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 254 (5th Cir. 2008)).

Kopp appealed *Fulmer II* to the Fifth Circuit, which affirmed the Court's ruling. *See Kopp v. Klein*, 722 F.3d 327, 344 (5th Cir. 2013) (*Kopp I*). Kopp then filed a petition for a writ of certiorari. In *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), the Supreme Court rejected the *Moench* presumption of prudence. The Supreme Court subsequently issued a grant, vacate, and remand order in this case. *See Kopp v. Klein*, 134 S. Ct. 2900, 2900 (2014). On remand from the Supreme Court, the Fifth Circuit vacated *Fulmer II* and remanded to this Court "for proceedings consistent with the Supreme Court's opinion." *Kopp v. Klein*, 762 F.3d 450, 450 (5th Cir. 2014) ("*Kopp II*").

Following the Fifth Circuit's remand, the Court granted Kopp leave to file another amended complaint [79]. Kopp asserted six claims in the second amended consolidated class action complaint (the "Second Amended Complaint") [80]. Defendants again moved to

dismiss.  *See* Defs.' Mot. to Dismiss [85].  The Court granted the motion to dismiss the Second Amended Complaint [107].  The same day, the Court  granted Kopp's motion for leave to file a third amended complaint [105].

Kopp's first claim alleges that all Defendants breached their duty of loyalty under ERISA § 404, 29 U.S.C. § 1104.  *See* Third Am. Compl. ¶¶ 322–34.  The second claim alleges that all Defendants breached their duty of prudence under the same provision by mismanaging plan assets.  *See id.* ¶¶ 335–44.  The third claim alleges that the Director Defendants[3] and the Human Resources Committee Defendants[4] breached their duty to properly monitor and inform the Employee Benefits Committee and its members.  *See id.* ¶¶ 345–50.  The fourth claim alleges that all Defendants breached their co-fiduciary duties under ERISA § 405, 29 U.S.C. § 1105.  *See id.* ¶¶ 351–61.  The fifth claim alleges that all Defendants failed to avoid conflicts of interest.  *See id.* ¶¶ 362–77.  And the sixth claim alleges that all Defendants violated ERISA § 406, 29 U.S.C. § 1106, by causing the plan to engage in a party-in-interest transaction.  *See id.* ¶¶ 378–84.

The Defendants now move to dismiss the Third Amended Complaint [112].  Kopp opposes the motion.

---

[3]The Director Defendants include Klein, Reed, Robertson, Rogers, Weaver, Mueller, and Elliott.

[4]The Human Resources Committee Defendants include the Human Resources Committee and John Does 1–20.

## II. MOTION TO DISMISS STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE MOTION TO DISMISS

#### A. *Kopp Does Not Allege a Plausible Breach of the Duty of Loyalty*

The Third Amended Complaint fails to allege a plausible breach of the duty of loyalty. Kopp first contends that the fiduciaries breached the duty of loyalty by violating ERISA's requirement that fiduciaries act "solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries;

and (ii) defraying reasonable expenses of administering the plan." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Kopp argues that the Defendants violated this duty by allowing the Plan to reflect concern for the interests of Idearc, specifically by permitting Plan purchases that benefitted Idearc. The Court previously rejected this interpretation of ERISA's duty of loyalty. *See* Order, February 26, 2016 [107]. Congress, with an "interest in encouraging [EIAPs] as a bold and innovative method of strengthening the free private enterprise system," has cautioned courts to avoid "regulations and rulings . . . [that] block the establishment and success of [EIAPs]." *See* Tax Reform Act of 1976, § 803(h), 90 Stat. 1590. Kopp's interpretation, which remains unchanged in the Third Amended Complaint, of Section 404 would essentially outlaw these plans – an impermissible result.

Second, Kopp contends that the Plan's purchase of company stock constituted an illegal party-in-interest transaction. ERISA § 406(a), 29 U.S.C. § 1106(a), "categorically bar[s]" fiduciaries from "caus[ing] the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . sale or exchange . . . of any property between the plan and a party in interest." *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 242 (2000) (internal quotation marks and citation omitted). The term "party in interest" includes "those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." *Id.* at 242. As the Court previously noted, Section 406's provisions are subject to a wide and complex range of both statutory and regulatory exemptions. *See* ERISA §§ 408(a), (b), 29 U.S.C. §§ 1108(a), (b). In addition, Congress expressly endorsed EIAPs. *See* Tax Reform Act of 1976, § 803(h), 90 Stat. 1590.

Because Kopp still does not provide authority for his argument that ERISA § 406 prohibits an EIAP's investment in employer stock, the Court concludes that Kopp has failed to state a plausible claim for party-in-interest liability.

Finally, Kopp claims that Defendants breached their duty of loyalty by engaging in conflicts of interest.   Specifically, Kopp argues that because certain Defendants' compensation was tied to the price of Idearc stock, those Defendants should have engaged independent fiduciaries to manage the Plan.  *See* Third Am. Compl. ¶¶ 368–73.  As the Court concludes below, even if the Defendants' actions were the result of a conflict of interest, the allegations of the Third Amended Complaint do not plausibly suggest that an independent fiduciary would have acted any differently.  *See infra* Part II.B.2.  Because an ERISA fiduciary is only liable for "losses . . . resulting from" a breach of fiduciary duty, the Court concludes Kopp has failed to state a claim for conflict of interest liability.  *See* ERISA § 409(a), 29 U.S.C. § 1109(a).

### B. Kopp Does Not Allege a Plausible Breach of the Duty of Prudence

The Third Amended Complaint also fails to allege a plausible breach of the duty of prudence.  Kopp alleges that Defendants breached their duty of prudence by "failing to divest assets [Idearc Stock] so as to minimize the risk of large losses" at a time when Idearc stock was not a prudent retirement investment.  *See* Third Am. Compl. ¶342.  Kopp argues EIAP fiduciaries have a duty of prudence under ERISA § 404(a), 29 U.S.C. § 1104(a).[5]  Kopp

_____

[5]Under ERISA, an EIAP fiduciary must comply with the prudent man standard of care.  In particular, a plan fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity

alleges that Defendants were aware of both public and nonpublic information that required them to take certain steps to avoid or minimize the risk of loss to the Plan.

*Dudenhoeffer* eliminated the *Moench* presumption of prudence. 134 S. Ct. at 2471. Per *Dudenhoeffer,* when evaluating the sufficiency of a plaintiff's claim for breach of the duty of prudence, the Court must apply the facial plausibility standard of *Twombly* and *Iqbal.* 134 S. Ct. at 2471. *Dudenhoeffer* established separate analyses for breach of prudence claims based upon public information and nonpublic information. The Court will address Kopp's claim based on public information first, before addressing his claim based on nonpublic information.

**1. Kopp Does Not Allege a Plausible Breach of the Duty of Prudence Based on Public Information**.– Kopp alleges that based solely on public information, the Defendants should have divested the Plan of Idearc stock. Under *Dudenhoeffer,* "where a stock is publicly traded allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances." 134 S. Ct. at 2471. Thus Kopp must allege some special circumstance existed to affect the market price which rendered it unreliable or artificially constructed.

---

and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . ." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). The only exception to this trust-like duty is Congress's express exemption of EIAP fiduciaries from any duty to diversify the plan's holdings. *See id.* § 1104(a)(2). Thus, "the same standard of prudence applies to all ERISA fiduciaries, including [EIAP] fiduciaries, except that an [EIAP] fiduciary is under no duty to diversify the [EIAP's] holdings." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2467 (2014).

Kopp maintains that the thrust of the complaint is that Idearc stock was too risky, but this does not satisfy *Dudenhoeffer*. *See* Pl.'s Resp. to Mot. to Dismiss 6 [113]. As this Court already pointed out, the only "special circumstance" that the Supreme Court identified as a potential means of proving imprudence on the basis of publicly available information was "a special circumstance affecting the reliability of the market price as an unbiased assessment of the security's value . . ." *Dudenhoeffer*, 134 S. Ct. at 2472 (internal citations and quotation marks omitted). Courts have repeatedly been unwilling to classify alleged riskiness as a special circumstance.[6] This is because "risk is accounted for in the market price of a security." *In re Citigroup ERISA Litig.*, 104 F. Supp. at 615. And "to analyze and critique the past actions of a company based only on public information would invite the Court to engage in the type of post-hoc considerations courts have been inclined to avoid." *In re 2014 Radioshack ERISA Litig.*, 2016 WL 1166344, at *8.

---

[6]*See, e.g.*, *In re 2014 Radioshack ERISA Litig.*, 2016 WL 1166344, at *8 (N.D. Tex. 2016) (stating "the only facts Plaintiffs argue they have pled that meet *Dudenhoeffer's* special circumstances is the allegation that the Company stock became excessively risky based on its slide into bankruptcy. This is not the kind of event that is a special circumstance."); *In re Lehman Bros. Sec. & ERISA Litig.*, 113 F. Supp. 3d 745, 756 (S.D.N.Y. 2015), *aff'd sub nom. Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56 (2d Cir. 2016) ("In the absence of factual allegations justifying a conclusion that reliance on the market price [was] imprudent, the Court interprets *Dudenhoeffer* to foreclose breach of prudence claims based on public information irrespective of whether such claims are characterized as based on alleged overvaluation or alleged riskiness of a stock.") (quotations omitted); *In re Citigroup ERISA Litig.*, 104 F. Supp. 3d 599, 615 (S.D.N.Y. 2015) ("The plaintiffs do not point to any 'special circumstance' that would render reliance on the market price imprudent. Rather, the plaintiffs argue that Citigroup stock was excessively risky, and therefore was imprudent as a retirement investment. However, such risk is accounted for in the market price, and the Supreme Court held that fiduciaries may rely on the market price, absent any special circumstances affecting the reliability of the market price.").

Kopp does add an allegation in the Third Amended Complaint that the Defendants "engaged in fraud and possessed material information about Idearc's financial condition that was not disclosed to the market." Third Am. Compl. ¶303(f). Kopp argues that this constitutes a special circumstance. But Kopp's allegation of fraud does not qualify as a special circumstance "affecting the reliability of the market price as an unbiased assessment of the security's value in light of all public information" because Kopp does not explain how the alleged fraud caused the market to be unable to efficiently incorporate public information into the stock price. *Dudenhoeffer*, 134 S. Ct. 2471. Thus this allegation fails.

The Court finds that Kopp fails to allege any new allegations in the Third Amended Complaint that show the market was not reliably evaluating public information. As a result, Kopp's claim for a breach of the duty of prudence based on public information fails.

### *2. Kopp Does Not Allege a Plausible Breach of the Duty of Prudence Based on Nonpublic Information.–* Kopp alleges that the Defendants had inside information indicating a decline in Idearc's customer base, a loosening of its credit policies, a reduction in its account collection workforce, and the alteration of accounting books to reflect a deceptively lower level of uncollectible accounts receivable. *See* Third Am. Compl. ¶¶ 68–97, 100–20. Kopp further argues that the Defendants could have used this information to prevent losses to the fund. *Id.* Specifically Kopp contends the Defendants should have (1) contributed cash instead of stock to the Plan; (2) frozen Idearc stock purchases; (3) sought guidance from the Department of Labor or Securities and Exchange Commission; (4) resigned as fiduciaries;

or (5) retained outside experts as advisors or independent fiduciaries.[7]  Third Am. Compl. ¶¶

297–300, 302. The allegations of the Third Amended Complaint do not plausibly establish

that a prudent fiduciary in the Defendants' position would have taken any of these measures.

   To state a claim for breach of the duty of prudence based on inside information, "a

plaintiff must plausibly allege an alternative action that the defendant could have taken that

would have been consistent with the securities laws and that a prudent fiduciary in the same

circumstances would not have viewed as more likely to harm the fund than help it."

*Dudenhoeffer*, 134 S.Ct. at 2473.  This duty of prudence "does not require a fiduciary to

break the law." *Id.  Dudenhoeffer* further instructs courts to consider whether "an ERISA-

based obligation . . . to refrain on the basis of inside information from making a planned

trade" conflicts with the requirements and objectives of the federal securities laws.  *Id.* at

2459, 2473.  To survive a rule 12(b)(6) motion, the complaint must plausibly allege (1)  an

alternative action, consistent with securities laws, that the Defendants could have taken and

(2)  "that a prudent fiduciary in the defendant's position could not have concluded that [the

alternative action] . . . would do more harm than good to the fund by causing a drop in the

stock price and a concomitant drop in the value of the stock already held by the fund."  *Id.*

at 2473.  As the Fifth Circuit recently stated, "the plaintiff bears the significant burden of

proposing an alternative course of action so clearly beneficial that a prudent fiduciary *could

not conclude* that it would be more likely to harm the fund than to help it." *Whitley v. BP,*

---

   [7] Kopp also includes an alternative where Defendants should have "[b]orne the loss
instead of their innocent wards if they believed they were prevented from acting because of
their self-created conflict."  Third Am. Comp.  ¶ 302.  The Court construes this as a claim
for breach of the duty of loyalty which was considered *supra*.

*P.L.C.*, 2016 WL 5387678, at *1 (5th Cir. 2016) (emphasis in original). And a plaintiff must allege facts to support such an allegation. *Id.* at *4 ("Aside from these conclusory statements, the stockholders do not specifically allege, for each proposed alternative, that a prudent fiduciary could not have concluded that the alternative would do more harm than good, nor do they offer facts that would support such an allegation.").

The Third Amended Complaint does not plausibly allege that a prudent fiduciary could not have concluded that any one of the alternatives would do more harm than good.[8] First, Kopp alleges that a prudent fiduciary would have frozen purchases of Idearc stock. Kopp argues that public disclosure would not be required for the Plan to freeze stock purchases, but he does not address whether a prudent fiduciary might be concerned about other, more indirect effects. *See* Third Am. Comp. ¶ 303(c). In *Dudenhoeffer,* the Court noted that "the market might take [a plan's freeze of stock purchases] as a sign that insider fiduciaries viewed the employers's stock as a bad investment . . . causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." 134 S. Ct. at 2473. Kopp does not elaborate as to how a prudent fiduciary might have perceived such a risk in this case.

Kopp also alleges that public disclosure of negative information would have allowed the stock to settle at its "appropriate price . . . after the artificial inflation was removed rather

---

[8] The parties disagree whether the Plaintiff's proposed alternatives "would have been consistent with the securities laws." *Fifth Third*, 134 S.Ct. at 2472. Because the allegations of the Third Amended Complaint do not show that a prudent fiduciary in the Defendants' position "could not have concluded that stopping purchases . . . would do more harm than good" to the Plan as a whole, the Court does not need to resolve this issue.

than falling abruptly at the disclosure of previously concealed information." *See* Third Am. Comp. ¶ 303(b). Even if one of the proposed alternatives required public disclosure, Kopp does not allege how a prudent fiduciary might have perceived the risk of public disclosure. Kopp's Third Amended Complaint does not sufficiently explain how a prudent fiduciary might have evaluated the risks associated with public disclosure. Instead, the Third Amended Complaint offers "assertions [that] are not particular to the facts of this case and could be made by plaintiffs in any case asserting a breach of ERISA's duty of prudence." *In re JPMorgan Chase & Co. Erisa Litig.*, 2016 WL 110521, at *4 (S.D.N.Y. 2016). Because of his failure to explore the risks associated with public disclosure of negative information, Kopp does not plausibly allege that a prudent fiduciary could not have concluded it would do more harm than good

The remaining alternatives likewise do not clear the plausibility threshold. Kopp's Third Amended Complaint still does not address the deficiencies noted by the Court in the February 26, 2016 Order. First, Kopp contends that Defendants should have sought outside guidance from the Department of Labor or the Securities and Exchange Commission. The Third Amended Complaint still does not show how the advice of a third party, with access to the same public information, would have changed the Defendants' options. Instead, Kopp alleges that the third party would have advised Defendants to resign. *See* Third Am. Compl. ¶ 303(e). But Kopp does not plausibly establish that the resulting independent, prudent fiduciary in the Defendants' position would have taken any alternative course of action. These hypothetical independent fiduciaries, armed with only the public information, could

only conclude that Idearc stock was imprudent based on the already rejected theories that the stock was either excessively risky or an improper investment because of conflicts of interest. Third Am. Compl. ¶303(a).

The Third Amended Complaint "must plead enough facts to plausibly allege that a prudent fiduciary in Defendants' circumstances would not have believed that [the alternative course of action was] more likely to harm than help the fund." *In re JPMorgan Chase & Co. Erisa Litig.*, 2016 WL 110521, at *4. Because the Third Amended Complaint fails to plead enough facts to plausibly allege a prudent fiduciary could not have concluded the alternative would do more harm than good, the claim is dismissed.

### C. Kopp's Remaining Derivative Claims Fail For Lack of a Viable Underlying Claim

The Court previously concluded that Kopp's remaining claims for breach of the duty to monitor and co-fiduciary liability are derivative of his other fiduciary duty claims. Because the Court again finds Kopp fails to allege a plausible underlying claim, Kopp's derivative claims fail. *See Kopp I*, 722 F.3d at 344 ("'To be held responsible for a failure to monitor or as a co-fiduciary, Plaintiffs must establish an underlying breach of fiduciary duty.'") (quoting *In re Dell, Inc. Erisa Litig.*, 563 F. Supp. 2d 681, 695 (W.D. Tex. 2008)).

**CONCLUSION**

Based on the forgoing reasons, the Court grants Defendants' motion to dismiss. Because Kopp has already amended his complaint twice, and he has not advised the Court of what additional allegations he could make in support of his claims, the Court denies leave to amend.

Signed October 4, 2016.

David C. Godbey
United States District Judge